**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6821**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLUWADAMILARE KOLAOGUNBULE, a/k/a Dare,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:21-cr-00027-BO-2)

Submitted:  June 5, 2026                                    Decided:  June 30, 2026

Before THACKER, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Oluwadamilare Kolaogunbule, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oluwadamilare Kolaogunbule appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have reviewed the record and Kolaogunbule's arguments on appeal, and we find no reversible error. We thus affirm.

"Pursuant to 18 U.S.C. § 3582, a court generally may not modify a sentence 'once it has been imposed.'" *United States v. Melvin*, 105 F.4th 620, 623 (4th Cir. 2024) (citation omitted). But, a district court may "reduce a defendant's sentence where the original 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Spruhan*, 989 F.3d 266, 268 (4th Cir. 2021) (citation omitted).

"Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). In this court, "when evaluating the sufficiency of a sentencing court's explanation, there is a presumption that the district court sufficiently considered relevant factors in deciding a section 3582(c)(2) motion," but "the presumption is not irrebuttable." *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019). A more detailed explanation may be required when a defendant provides significant evidence of mitigating factors not available at sentencing. *Id*. at 396-98; *see also Chavez-Meza v. United States*, 585 U.S. 109, 119 (2018).

We review the district court's denial of a Section 3582(c)(2) motion for abuse of discretion. *Spruhan*, 989 F.3d at 269. We limit our review to issues raised in the informal

brief.  *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).  On appeal, Kolaogunbule contends the district court erred in denying his § 3582(c)(2) motion without providing a reason for the denial in its written order.  But the district court explained its reasons for denying the motion at the hearing attended by his counsel.  Moreover, to the extent he contends that its explanation was insufficient, we conclude that he has not rebutted the presumption that the court considered relevant factors when denying the motion.  *See Martin*, 916 F.3d at 396.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*